# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KELLEY WHITE,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0498** (BOR Appeal No. 2051793)
(Claim No. 2016025072)

**DENT CONSTRUCTION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kelley White, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dent Construction, Inc., by Jeffrey M. Carder, its attorney, filed a timely response.

The issue on appeal is whether Mr. White is entitled to additional temporary total disability benefits and a consultation with a neurosurgeon. The claims administrator denied a referral to a neurosurgeon on February 22, 2016. On May 13, 2016, it closed the claim for temporary total disability benefits as of April 13, 2016. Finally, on June 8, 2016, the claims administrator denied reopening the claim for temporary total disability benefits from April 13, 2016, through May 30, 2016. The Office of Judges affirmed the decisions in its January 20, 2017, Order. The Order was affirmed by the Board of Review on May 3, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. White, a supervisor and carpenter, was injured in the course of his employment on December 21, 2015, while climbing a ladder onto a roof. The claim was held compensable for lumbar ligaments sprain and sprain of other parts of the lumbar spine and pelvis. A January 4, 2016, treatment note by Mark Calfee, D.C., indicates Mr. White was seen for work-related

1

lumbar and pelvic sprains. A recent MRI showed multiple disc bulges and a protrusion at L5-S1. Dr. Calfee recommended referral to Neurological Associates.

A lumbar CT scan taken February 4, 2016, showed mild degenerative changes, osteophyte formation, and mild disc bulges throughout the lumbar spine and sacroiliac joints. The impression was degenerative changes with a potential disc abnormality. A lumbar MRI performed on February 12, 2016, showed degenerative changes and a broad based disc protrusion at L5-S1. There was borderline canal stenosis through most of the lumbar spine.

James Dauphin, M.D., performed an independent medical evaluation on March 21, 2016, in which he noted that Mr. White complained of persistent lower back pain that radiated into his groin. A recent MRI showed disc bulging and facet hypertrophy consistent with degenerative changes. It was noted that Mr. White previously injured his back in October of 2014. Dr. Dauphin diagnosed lumbar sprain and lumbar radiculopathy. He opined that the lumbar radiculopathy was causally related to the compensable injury. He found the lumbar sprain had resolved. He further found that Mr. White's lumbar degenerative changes were not related to the compensable injury. He had not yet reached maximum medical improvement and Dr. Dauphin recommended a neurosurgical consultation. He stated Mr. White could return to work with temporary restrictions from March 28, 2016, through May 28, 2016.

In a March 22, 2016, treatment note, Dr. Calfee diagnosed lumbar and pelvic sprain/strain. He indicated Mr. White's recovery was complicated by a discogenic component and degenerative issues. He found that Mr. White was temporarily and totally disabled due to the compensable diagnoses and that he could attempt to return to work on April 30, 2016. In an April 28, 2016, letter to the claims administrator, Mr. White's counsel noted that Dr. Dauphin had recently found that he had not reached maximum medical improvement. He had not received temporary total disability benefits since February 7, 2016, and had not yet been released to return to work by Dr. Calfee. Counsel requested temporary total disability benefits from February 7, 2016, to the present as well as a neurosurgical consultation.

Mr. White testified in a deposition on June 22, 2016, that he developed back pain on December 21, 2015, while climbing a ladder at work and that his back felt fine prior to that day. He stated that he had not received temporary total disability benefits since March 25, 2016, even though Dr. Calfee had not released him to return to work. Mr. White denied having sustained a low back injury due to a motor vehicle accident as noted in Dr. Dauphin's report. He stated that Dent Construction, Inc., does not have light duty work available. Mr. White stated that he had never been told prior to December 21, 2015, that he had degenerative issues in his back. He did state that he injured his back in November of 2014 while laying tile. He missed work for the injury but did not seek medical treatment.

Kathy Dent stated in a July 19, 2016, affidavit that she is the secretary treasurer for Dent Construction, Inc. Mr. White had worked for the company for five years and had taken off of work numerous times for back pain. He was off for most of December 2014 for back pain. At that time, he informed Ms. Dent that he had degenerative issues with his back and that nothing could be done about it.

In an August 5, 2016, age of injury report, Jonathan Luchs, M.D., reviewed Mr. White's February 12, 2016, MRI. It showed small degenerative disc bulges throughout the lumbar spine and a broad based disc protrusion at L5-S1. Dr. Luchs determined the disc protrusion contained a degenerative annular signal, without focal tear to suggest an acute herniation. Dr. Luchs therefore concluded that the L5-S1 disc protrusion was degenerative in nature.

David Soulsby, M.D., performed an independent medical evaluation on September 6, 2016, in which he assessed lumbar sprain/strain, degenerative disc disease of the lumbar spine, and tobacco use. He opined that the lumbar sprain/strain was the only diagnosis causally related to the compensable injury. He found that the lumbar degenerative changes and disc protrusion at L5-S1 predated the compensable injury. At the time of examination, the only objective clinical findings were related to the degenerative disease. Mr. White did not identify any complaints specifically related to lumbar radiculopathy and the physical examination found no evidence of radiculopathy. To the extent that he had complaints of radiculopathy, Dr. Soulsby found that such complaints were the result of preexisting degenerative changes. He also opined that Mr. White's current complaints were not causally related to the compensable injury. Mr. White was determined to have reached maximum medical improvement. Dr. Soulsby concluded that a neurosurgical consultation was not medically necessary or reasonable treatment for the compensable injury. He further found no evidence of a progression or aggravation of the compensable injury. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he assessed 0% impairment.

The claims administrator denied a referral to a neurosurgeon on February 22, 2016. On May 13, 2016, it closed the claim for temporary total disability benefits as of April 13, 2016. Finally, on June 8, 2016, the claims administrator denied a request to reopen the claim for temporary total disability benefits from April 13, 2016, through May 30, 2016. The Office of Judges affirmed the claims administrator's decisions in its January 20, 2017, Order. In regard to the treatment request, the Office of Judges found that Dr. Calfee requested a neurosurgical evaluation based on Mr. White's MRI findings; however, the claim is only compensable for lumbar sprain and pelvic sprain. Disc bulging and disc protrusion/herniation are not compensable components of the claim. Accordingly, Dr. Calfee's request for a neurosurgical consultation is not reasonably required treatment. The Office of Judges noted that Dr. Dauphin also recommended a neurosurgical consultation. However, like with Dr. Calfee, Dr. Dauphin's request was not made for the treatment of a compensable condition. Dr. Dauphin's request was to evaluate lumbar radiculopathy, a noncompensable condition. Further, Dr. Dauphin expressly stated that the compensable condition of lumbar sprain had resolved. Additionally, Dr. Soulsby specifically opined that a neurosurgical consultation was not necessary treatment for the compensable lumbar sprain/strain. Dr. Soulsby found Mr. White to be at maximum medical improvement and opined that his ongoing complaints are the result of noncompensable degenerative disease. The Office of Judges found this finding to be consistent with the evidence of record and the age of injury analysis.

For the closure of temporary total disability benefits, the Office of Judges determined that Dr. Dauphin performed an independent medical evaluation in March of 2016. Though he

determined Mr. White had not reached maximum medical improvement, that determination was based upon complaints of lumbar radiculopathy. Lumbar radiculopathy is not a compensable condition in the claim. Further, Dr. Dauphin specifically found that the compensable lumbar sprain had resolved. The Office of Judges determined that Dr. Dauphin's finding that the compensable injury had resolved was essentially a finding of maximum medical improvement. Therefore, the claim was properly closed.

Regarding the reopening for additional temporary total disability benefits, the Office of Judges found that in order to reopen a claim for temporary total disability benefits, a claimant must show a progression or aggravation of the injury or some other facts not previously considered. The Office of Judges concluded that the claim is compensable for lumbar and pelvic sprains only. Mr. White submitted no evidence to support a finding that he suffered an aggravation or progression of those compensable conditions. The weight of the evidence indicates his compensable sprains have resolved. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 3, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The issue on appeal is the authorization of medical benefits and temporary total disability. The only compensable conditions in the claim are lumbar sprain and pelvic sprain. The neurosurgical consultation was clearly requested to evaluate noncompensable conditions and was therefore properly denied. Additionally, Mr. White's temporary total disability is the result of his preexisting degenerative changes, not the compensable sprains.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4